IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
SEP - 2 2020
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

VINCENT A. NELMS and REBECCA L. NELMS

vs.

MOHAMED HAJJI                       Civil Action No. 4:20cv135

and

HAJJI'S WHOLESALE L.L.C.

## COMPLAINT FOR VIOLATIONS OF FEDERAL ODOMETER LAW AND DEMAND FOR JURY TRIAL

### INTRODUCTION

Plaintiffs bring this action for damages to redress the many violations of law that resulted in their purchasing a vehicle that was not worth what they paid for it. The vehicle developed numerous problems shortly after purchase which was not consistent with a vehicle of such low mileage. When the Plaintiffs attempted to have the vehicle repaired, they were alerted that the vehicle had more than 100,000 miles on it which had not been disclosed to them when they purchased the vehicle. The Defendants are Mohamed Hajji and Hajji's Wholesale L.L.C., d.b.a. HW Auto Wholesale.

This Complaint is filed and these proceedings are instituted under the Motor Vehicle Information and Costs Savings Act (The Federal Odometer Act), 49 U.S.C. § 32710, for both statutory and actual damages, reasonable Attorney's fees, and costs because the Defendant's violations of federal consumer protection statutes, and because of the Defendants' violations of the Virginia Consumer Protection Act (VCPA), and their actual fraud.

## PARTIES

1. Plaintiffs, Vincent A. Nelms & Rebecca L. Nelms are natural persons who are residents of Yorktown, Virginia.

2. Defendant Mohamed Hajji is a natural person who resides in Virginia.

3. Defendant Hajji's Wholesale L.L.C., d.b.a. H W Auto Wholesale, is a Virginia corporation doing business at 6400 E. Virginia Beach Boulevard, Norfolk, Virginia 23502.

## JURISDICTION

4. Jurisdiction is vested in this Court pursuant to 49 U.S.C. § 32710(b) and 28 U.S.C. § 1331, and supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C. § 1367(a). Declaratory and injunctive relief is requested pursuant to 28 U.S.C. §§ 2201 and 2202, and the VCPA pursuant to Virginia Code § 59.1-203(C).

## FACTS

5. At all relevant times, Mohamed Hajji was doing business as a car dealer with Commonwealth of Virginia dealership certificate number 46465, issued to "Mohamed Hajji d.b.a. Hajji's Wholesale L.L.C. also d.b.a. H W Auto Wholesale."

6. At all relevant times, Hajji's Wholesale L.L.C., was operated as the instrumentality and alter ego of Mohamed Hajji. All conduct of Hajji's Wholesale L.L.C. was conduct of Mohamad Hajji and was within the course and scope of agency for Mohamad Hajji. Throughout the remainder of this Complaint, Mohamed Hajji, Hajji's Wholesale L.L.C. and H W Auto Wholesale, will collectively be referred to as "the Dealer."

7. The Dealer purchased the 2009 Chrysler Town & Country Mini Van, vehicle identification number 2A8HR54109R640326 (the Van), from an Auto Auction in New

York on or about February 5, 2018, with approximately 48,000 miles indicated on its odometer.

8. When buying the Van from the Auto Auction, the Dealer had access to an electronic database called Carfax and a quick check of that database would have disclosed that the Van had already been driven 147, 080 miles as of May, 2017, and that the odometer reading of 48,193 miles, allegedly on the Van at that time, was not accurate.

9. Because the Van had over 100,000 miles on it and because the Van was nine years old, the Dealer knew or should have known that the odometer reading provided to it by the Auto Auction was not the actual mileage on the Van. Furthermore, since it did not receive a proper odometer disclosure form, the Dealer had insufficient information upon which to base its representation in any subsequent odometer mileage disclosure statement that it made that the odometer reading was accurate.

10. The Dealer had the vehicle inspected by Greenbrier Dodge after it purchased the Van.

11. As part of its inspection, Greenbrier Dodge necessarily would or should have noticed that the Van's engine and other parts indicated that it clearly had more than the 48,193 miles that were apparently on the odometer at the time.

12. On or about May 12, 2018, the Dealer sold the Van to the Plaintiffs for $10,507.41, representing the Van's mileage to be low mileage, specifically 48,286 miles, and representing the Van to be in good condition.

13. The representation as alleged was false.

14. All of the documents containing mileage information that were shown to Plaintiffs, Vincent A. Nelms & Rebecca L. Nelms, indicated that the mileage on the Van was 48,286 miles, including:

a. The AutoCheck Vehicle report from Hajji's Wholesale L.L.C. for this 2009 Chrysler Town & Country (2A8HR54109R640326) that reported no indication of an odometer rollback or tampering was found. (Exhibit 1)

b. The Buyers Order issued by the Dealer shows the odometer reading as 48,286 miles. (Exhibit 2)

15. After possessing the vehicle for a week, the Plaintiffs began to experience major problems with the vehicle which included: 1) Persistent gas fumes in the passenger cabin; 2) A malfunctioning brake system which required the replacement of all rotors, brake shoes and pads; and 3) Required replacement of the Engine Cylinder Head due to a stripped out spark plug hole. (Exhibit 3)

c. After the Plaintiffs had repair work completed, the Plaintiffs obtained a CARFAX Vehicle History report from the Landmark Dodge Service Department on September 5, 2018, which indicated that the odometer had been rolled back. (Exhibit 4)

16. The Plaintiffs have given the Dealer several opportunities to correct the problem, the last attempt being made on August 28, 2020, and the Dealer has refused to rectify the problem.

17. Since September 5, 2018, the Plaintiffs have been ready and able to return the Van to the Dealers in exchange for a refund and incidental expenses.

18. As a result of the Dealer's conduct, and the lack of the Dealers willingness to make the Plaintiffs whole as a result of the harm caused by the fraudulent acts of the Dealer, the Plaintiffs have been forced to file this lawsuit to obtain damages caused by Dealer.

## CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION
#### Violations of the Motor Vehicle Information and Cost Savings Act

19. Pursuant to 49 U.S.C. § 32705 and the regulations for enforcement thereof at 49 U.S.C. §§ 580.1 et seq, each purchaser and each seller of the Van was required to create an accurate and complete odometer disclosure for the Van each time it was sold. The Defendant

Dealer violated the Federal Odometer Act by accepting an inaccurate disclosure from the person the Dealer received the Van from [49 U.S.C. § 32705(a)(3)] and the Dealer violated the Federal Odometer Act by making false odometer disclosures, and gave false statements in violation of 49 U.S.C. § 32705(a) and 49 U.S.C. § 580.4.

20. The Defendants violated this Act by not properly creating an accurate and complete odometer disclosure for the Van.

21. The Defendant's violations were done with the intent to defraud.

## SECOND CAUSE OF ACTION
### UCC-Breach of Express Warranty

22. Plaintiff incorporates all previous paragraphs.

23. The representations of mileage constitute express written warranties under Virginia Code §8.2-313 in that the mileage was a part of the "contract description" of the Van.

24. The Plaintiffs suffered actual damages proximately caused by this breach of warranty pursuant to Virginia Code §8.2-714.

25. Under Virginia Code §8.2-715, Plaintiffs are also entitled to recover incidental and consequential damages as defined in Virginia Code §8.2-715.

26. The limitation of consequential damages in a consumer setting such as this case, where the parties are dealing with a contract of adhesion and have unequal bargaining power, is unconscionable and thus the limitation is unenforceable pursuant to Virginia Code §8.2-719(3).

27. Under Virginia Code §8.2-714(3), this is a proper case for the Plaintiffs to recover incidental and consequential damages as provided for by Virginia Code §8.2-715; the consequential damages recoverable under Virginia Code §8.2-715 includes all loses resulting from the Plaintiff's unmet requirements and needs for transportation.

## THIRD CAUSE OF ACTION

### Violations of the Virginia Consumer Protection Act

28. Plaintiff incorporates all previous paragraphs.

29. The transaction between the Defendant and the Plaintiffs was a "consumer transaction" regulated by the prohibitions of the Virginia Consumer Protection Act (VCPA) Virginia Code §§59.1-200.

30. The sale was a "consumer transaction," the Defendants are a "supplier," the Plaintiffs are "persons" as defined in Virginia Code §59.1-198, and the Defendants violated Virginia Code §59.1-200 (A) (5), (6), (7) and (14) by misrepresenting the miles on the Van. The Defendants also violated the VCPA by using "Wholesale" in its name when it does not primarily sell its vehicles at the wholesale price. Virginia Code §59.1-200 (12). The Defendants also violated the VCPA by failing to unequivocally disclose in its offer of sale to the Plaintiffs that the Van had been previously repossessed. Virginia Code §59.1-200 (7).

31. Each of the Defendant's violations of the VCPA was done willfully entitling the Plaintiffs to their actual damages, statutory damages, and exemplary damages pursuant to Virginia Code §59.1-204.

32. In the alternative, if the actions of the Defendants are found to be unintentional but still in violation of the VCPA, the Plaintiffs demand restitution and legal fees and costs pursuant to Virginia Code §59.1-207.

## FOURTH CAUSE OF ACTION

### Fraudulent Inducement/Fraud/Constructive Fraud

33. Plaintiff incorporates all previous paragraphs.

34. The Defendants intentionally misrepresented that the odometer showed the actual miles to their best knowledge and belief, when they knew or should have known this representation to be untrue.

35. The Defendants made these representations to induce the Plaintiffs or consumers like the Plaintiffs into agreeing to purchase the Van for an inflated price.

36. The Plaintiffs relied on the fact that the odometer reading was accurate by agreeing to purchase the Van and suffered damages as a result of that reliance. The Plaintiffs' damages are recoverable under the Virginia common law for fraud, as well as those recoverable under Virginia Code §8.2-721. In the alternative to diminished value and their consequential and incidental damages, the Plaintiffs demand that the contract be cancelled, and they recover what they paid for the Van, that the balance of their loan be paid, plus they receive their incidental and consequential damages that they suffered.

37. In the alternative of actual fraud, these misrepresentations were made innocently or negligently sufficient to support a claim for constructive fraud.

### Request for Punitive Damages

38. The actions by the Defendants show willful and malicious conduct in conscious disregard to the Plaintiffs' rights sufficient to justify an award of punitive damages against them.
WHEREFORE, the Plaintiffs respectfully prays that this Court:

1. Assume jurisdiction of this case;

2. Award statutory damages of $10,000, or treble actual damages, whichever is greater, pursuant to the Motor Vehicle Information and Costs Savings Act, 49 U.S.C. § 32710 (a) against each Defendant;

3. Award actual damages under the Federal Odometer Act, the Virginia Uniform Commercial Code, the Virginia Consumer Protection Act and Fraud/Constructive Fraud claims; or in the alternative, under the fraud claim permit rescission of the contract and the recovery of the Plaintiffs' additional incidental and consequential damages.

4. Award three times the actual damages or $1,000, whichever is greater, for each willful violation of the Virginia Consumer Protection Act pursuant to Virginia Code §59.1-204 against the Defendants;

5. Assess punitive damages against the Defendants;

6. Pursuant to 28 U.S.C. §§ 2201 and 2202, and Virginia Code §59.1-203[C], declare that the Defendants violated the Motor Vehicle Information and Costs Savings Act, and the Virginia Consumer Protection Act; and enjoin these Defendants from future similar violations;

7. Award the Plaintiffs' cost and reasonable attorney's fees in accordance with the Motor Vehicle Information and Costs Savings Act, the Virginia Consumer Protection Act; and fraud claims; and

8. Award such other relief as the Court deems appropriate.

**TRIAL BY JURY DEMANDED**

Respectfully Submitted,

*Vincent Nelms*
Vincent A. Nelms,
Plaintiff, Pro Se
507 Wrought Iron Bend
Yorktown, Virginia 23693
(757) 707-0175

*Rebecca Nelms*
Rebecca L. Nelms,
Plaintiff, Pro Se
507 Wrought Iron Bend
Yorktown, Virginia 23693
(757) 707-0175